



926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**SEAN GORTON**
(516) 357-3319
sean.gorton@rivkin.com

**VIA ECF**                                                                December 1, 2023

Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Government Employees Insurance Co., et al. v. Ahmad, et al.*
              Docket No. 1:22-cv-06713(ARR)(JAM)

Dear Magistrate Judge Marutollo:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO") in connection with the above-referenced matter. We respectfully submit this joint letter with counsel for Defendants Riaz Ahmad, M.D., Community Medical Care of N.Y., P.C., Comfort Care Medical PLLC, DLC Comprehensive Medical PLLC, Ahmad Riaz M.D. (As a Sole Proprietorship), and Riaz Ahmad M.D. (As a Sole Proprietorship) (collectively, "Defendants" and with Plaintiffs, the "Parties") pursuant to Rule V.B of Your Honor's Individual Practices and Rules due to Defendants' failure to respond to Plaintiffs' Fed. R. Civ. P. 34 Document Requests and Fed. R. Civ. P. 33 Interrogatories (collectively, "Discovery Requests").

Defendants' responses were originally due on September 22, 2023. The Parties met and conferred via telephone regarding this issue on November 8, 2023, at which point Plaintiffs' counsel agreed, at Defendants' counsel's request, to extend Defendants' time to respond to the Discovery Requests until November 21, 2023. However, to date, Defendants have not provided written responses or produced a single document.

Accordingly, Plaintiffs are seeking an Order compelling Defendants to provide complete responses to Plaintiffs' Discovery Requests and produce all responsive documents, with all objections waived, by a date certain, and respectfully request that the Court schedule a conference to discuss this issue or, in the alternative, grant Plaintiffs leave to file a motion to compel.

### I.     Plaintiffs' Position

At issue in this litigation is the submission of millions of dollars of fraudulent billing by Riaz Ahmad, M.D. and his five different billing entities seeking reimbursement for medically unnecessary, and otherwise non-reimbursable healthcare services, which allegedly were provided to New York automobile accident victims insured by GEICO under no-fault automobile insurance policies. See Docket No. 1, passim. In particular,

66 South Pearl Street, 11th Floor      25 Main Street      477 Madison Avenue      2649 South Road
Albany, NY 12207-1533      Court Plaza North, Suite 501      New York, NY 10022-5843      Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199      Hackensack, NJ 07601-7082      T 212.455.9555 F 212.687.9044      T 845.473.8100 F 845.473.8777
                               T 201.287.2460 F 201.489.0495

GEICO alleges, among other things, that the healthcare services provided by the Defendants were: (i) not medically necessary and were provided – to the extent provided at all – pursuant to predetermined fraudulent protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the insureds who purportedly were subjected to them (Id. at ¶¶ 83-281); (ii) provided as a result of illegal kickbacks that the Defendants paid in exchange for patient referrals at the more than thirty (30) different medical "clinics" where the Defendants purportedly operated (Id. at ¶¶ 43-82); and (iii) in many cases, were provided by independent contractors, rather than by employees of the Defendants (Id. at ¶¶ 282-304). Through this action, GEICO seeks to, among other things, recover more than $2,300,000.00 worth of payments issued to the Defendants as a result of the above-referenced fraudulent charges.

Against that backdrop, Plaintiffs served Defendants with the Discovery Requests on August 23, 2023. A copy of Plaintiffs' Document Requests is annexed hereto as Exhibit "1" and a copy of Plaintiffs' Interrogatories to Ahmad Riaz M.D. (As a Sole Proprietorship) is annexed hereto as Exhibit "2".[1] On September 8, 2023, Defendants' counsel requested an extension of time until November 1, 2023 to respond to the Discovery Requests. In an effort to accommodate Defendants and avoid burdening the Court with unnecessary motion practice, Plaintiffs, in good faith, consented to this request. However, Defendants failed to respond to the Discovery Requests, or request an additional extension, by November 1, 2023. Accordingly, on November 3, 2023, Plaintiffs' counsel sent Defendants' counsel a deficiency letter requesting to meet and confer regarding the outstanding responses. Counsel subsequently met and conferred via telephone on November 8, 2023, at which point Defendants' counsel requested an extension until November 21, 2023 to provide responses to the Discovery Requests. In good faith, Plaintiffs' counsel consented to this request, while noting that Plaintiffs would seek court intervention if responses were not provided by November 21, 2023. Defendants, again, failed to provide any responses to the Discovery Requests by November 21, 2023.

The Discovery Requests are material and relevant to this action and the information sought is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); see United States ex rel. Rubar v. Hayner Hoyt Corp., 2018 U.S. Dist. LEXIS 158824 (E.D.N.Y. Sept. 18, 2018). It is well-settled that "[r]elevance is … to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." State Farm Mut. Auto. Ins. Co. v. Fayda, 2015 U.S. Dist. LEXIS 162164 at * 7 (S.D.N.Y. Dec. 3, 2015) (quoting Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, (1978)); see also Sky Med. Supply Inc. v. SCS Support Claim Servs., 2016 U.S. Dist. LEXIS 121215, at * 6-7 (E.D.N.Y. Sept. 7, 2016)(discussing relevance standard); Forsythe v. Midland Funding LLC, 2019 U.S. Dist. LEXIS 8568, at * 4-5 (E.D.N.Y. Jan. 17, 2019) (discussing relevance standard). It is axiomatic that "[i]nformation is relevant if: '(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi v. Solow Mgmt. Corp., 2016 U.S. Dist. LEXIS 18460, at * 35 (S.D.N.Y. Feb. 16, 2016)(quoting Fed. R. Evid. 401); see also Gov't. Emples. Ins. Co. v. Dinesh Verma Med., P.C., 2023 U.S. Dist. LEXIS 23983, at * 2-3

---

[1] Plaintiffs also served interrogatories on all other Defendants. These interrogatories are substantially similar to the interrogatories attached as Exhibit "2". In an effort to avoid burdening the Court and comply with Your Honor's directive regarding the filing of discovery materials, Plaintiffs have not attached the additional interrogatories to this letter. Should the Court wish to review the additional interrogatories, Plaintiffs will, of course, provide copies.

(E.D.N.Y. Feb. 10, 2023) (discussing relevance standard in context of similar no-fault insurance fraud action). This Court has generally found insurer's discovery requests to be relevant under analogous circumstances. See, e.g., Gov't Employees Ins. Co. et al. v. Five Boro Psychological Services, P.C. et al., Docket No. 1:12-cv-2448 (KAM)(VMS) (E.D.N.Y.), at May 24, 2013 Docket Entry; Allstate Ins. Co. v. Elzanaty, 2012 U.S. Dist. LEXIS 171962 at * 4 - * 5 (E.D.N.Y. Dec. 4, 2012).

Further, as a result of Defendants' failure to timely respond to Plaintiffs' Discovery Requests, Defendants have waived any objections they otherwise might have had to the Discovery Requests. See, e.g., Dinesh Verma Med., P.C., 2023 U.S. Dist. LEXIS 23983, at * 7-10 (finding defendants waived objections by failing to respond to discovery requests in similar no-fault insurance fraud case); Gov't Employees Ins. Co., et al. v. Weinberger, D.C., et al., Dkt. No. 1:18-cv-06641(NGG)(RER) (E.D.N.Y.), at July 10, 2019 (finding defendants waived objections by failing to respond to discovery requests in similar no-fault insurance fraud case); Labarbera v. Absolute Trucking, Inc., 2009 U.S. Dist. LEXIS 70901 at * 3 (E.D.N.Y. Aug. 12, 2009).

Accordingly, Plaintiffs are seeking an Order compelling Defendants to provide complete responses to Plaintiffs' Discovery Requests and produce all responsive documents, with all objections waived, by a date certain, and respectfully request that the Court schedule a conference to discuss this issue or, in the alternative, grant Plaintiffs leave to file a motion to compel.

## II.     Defendants' Position

Plaintiffs' Complaint is a sprawling array of complex allegations touching on all aspects of Defendants' business and their discovery demands are similarly involved, demanding a thoroughgoing review of every document and communication related to Defendants' business. Plaintiffs' sixty-five document demands for the most part insist that Defendants produce "all" documents "related" or "concerning" what amounts to Defendants' practice of medicine since 2020, including all communications with any person or entity that every provided any sort of service to or on behalf of Defendants and every record for any patient treated by Defendants. Because Dr. Ahmad is a working physician and his businesses are small with similarly small staffs, Defendants simply have not yet had sufficient time to complete their search for responsive documents and information.

Defendants thus seek an additional extension until January 5 of their time to respond to Plaintiffs' requests in order to complete their search for responsive documents and information.

Respectfully submitted,

RIVKIN RADLER LLP

*/s/ Sean Gorton*
Sean Gorton, Esq.

cc:   All counsel via ECF